People v Coachman (2022 NY Slip Op 02346)

People v Coachman

2022 NY Slip Op 02346

Decided on April 07, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 07, 2022

Before: Kapnick, J.P., Gesmer, Oing, Singh, Scarpulla, JJ. 

Ind. No. 2559/14 Appeal No. 15449 Case No. 2018-4501 

[*1]The People of the State of New York, Respondent,
v
Christopher Coachman, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Benjamin Wiener of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Emily A. Aldridge of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Miriam Best, J.), rendered April 24, 2018, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him to a term of 25 years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Based on our independent review, we find no basis for disturbing the jury's determinations concerning credibility or the evaluation of medical testimony. The evidence established that defendant choked the victim for several minutes, which evinced, at least, an intent to cause serious physical injury. Although defendant disputes the reliability of his statements to law enforcement in which he admitted to choking and strangling the victim, those statements were corroborated by his statements shortly after the victim's death to a friend and to his cousin, and were consistent with the medical evidence. The jury had ample basis upon which to reject defendant's testimony that he had only briefly grabbed or touched the victim's neck and only intended to stop her from fighting him.
Although the court should not have instructed the jury, over defendant's objection, on the justifiable use of deadly physical force, defendant was not prejudiced. At defense counsel's request, the court instructed the jury on the justifiable use of ordinary, nondeadly physical force. However, defendant's theory was that he only used nondeadly force, and that he was defending himself against the victim's use of nondeadly force. There was no reasonable view of the evidence that the victim was using, or was about to use, deadly physical force against defendant. Nevertheless, any error in charging justification based on the use of deadly physical force was harmless. Defendant has not shown that his defense was undermined by the unwanted instruction, and there was no reasonable possibility that he would have been acquitted if the court had not given that instruction (see People v Crimmins, 36 NY2d 230, 237 [1975]; People v Yates, 160 AD3d 418 [1st Dept 2018], lv denied 31 NY3d 1154 [2018]).
Defendant's challenge to the court's instructions on the defense of intoxication is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. The court's instructions, and the verdict sheet, followed the Criminal Jury Instructions, and correctly instructed the jury to consider
intoxication in determining intent separately as to murder and first-degree manslaughter.
We perceive no basis for reducing the sentence. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 7, 2022